**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BIG APPLE COLLECTIBLES LLC,                    :

                                  :     Case No. _____ CV _____

                 Plaintiff,           :

                                    :

          -against-            :

                                    :

DARK HELMET LLC, LEE BIARS, EVEND      :
LLC, REVEND LLC, ERRANT VENTURE LLC, :
EVANS RICHARDS, and CHRISTOPHER        :
FARRAR,                                :

                                  :

               Defendants.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF REMOVAL

      **PLEASE TAKE NOTICE** that defendants Evend, LLC ("Evend"), Revend, LLC ("Revend"), Errant Ventures, LLC ("EV" and together with Evend and Revend, the "Virginia LLCs"), Evans Richards ("Richards"), Christopher Farrar ("Farrar" and together with the Virginia LLCs, the "Virginia Defendants"), Dark Helmet, LLC ("Dark Helmet"), and Lee Biars ("Biars" and together with Dark Helmet, the "Maryland Defendants" and together with the Virginia Defendants, the "Defendants"), by and through their undersigned counsel, hereby remove the above-captioned action from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446, including 28 U.S.C. § 1332.  In support of this Notice of Removal, Defendants state as follows:

### Procedural History and Plaintiff's Allegations

      1.      On June 20, 2023, Plaintiff, Big Apple Collectibles, Corp. ("Plaintiff") commenced this action, and still pending, against Dark Helmet and Biars by filing a Summons and Complaint ("Complaint") in the Supreme Court of the State of New York, County of Westchester (Index No.

62665/2023) asserting claims for (a) breach of contract; (b) unjust enrichment; and (c) breach of guaranty, arising from a certain purchase agreement ("Purchase Agreement") between Plaintiff and Dark Helmet dated February 19, 2023 (referred to in the Amended Complaint as "Contract 2") for 217,000 units of goods for $605,000.00, under which Dark Helmet contracted to purchase certain inventory from Plaintiff for an agreed-upon price, the payment of which Biars is alleged to have personally guaranteed; and seeking a money judgment for $545,000.00, plus statutory interest from March 8, 2023, costs, fees and disbursements.  A true and correct copy of the Complaint with exhibits are annexed hereto as **Exhibit 1**.

2.      Plaintiff's Complaint only named Dark Helmet and Biars as defendants.

3.      On July 24, 2023, Plaintiff served Dark Helmet with the Complaint by affixing the Complaint to the door and mailing a copy of the same on August 4, 2023.  A true and correct copy of the Affidavit of Service dated August 4, 2023, filed by Plaintiff in the state court is annexed hereto as **Exhibit 2**.

4.      On July 24, 2023 and July 26, 2023, Plaintiff served Biars with the Complaint by affixing Complaint to the door and mailing a copy of the same on August 4, 2023 and August 7, 2023.  True and correct copies of the Affidavits of Service dated August 4, 2023, and August 9, 2023, filed by Plaintiff in the state court are annexed hereto as **Exhibit 3**.

5.      On October 16, 2023, Maryland Defendants filed an Answer with Counterclaims dated October 16, 2023, alleging four (4) affirmative defenses and two (2) counterclaims; breach of contract and fraud.  A true and correct copy of the Answer and Counterclaims is annexed hereto as **Exhibit 4**.

2

6.     On November 5, 2023, Plaintiff filed a Reply to the Counterclaims dated November 5, 2023, alleging three (3) affirmative defenses.  A true and correct copy of the Reply to Counterclaims is annexed hereto as **Exhibit 5**.

7.     On December 13, 2023, Plaintiff filed a motion for Summary Judgment on Plaintiff's first and third causes of action pursuant to CPLR § 3212(a); striking Defendant's second, third, and fourth affirmative defenses pursuant to CPLR § 3211(b); and granting Plaintiff summary judgment on Defendant's first and second counterclaims ("Motion for Summary Judgment").  On January 16, 2024, Maryland Defendants filed their opposition to Plaintiff's Motion for Summary Judgment, and on January 22, 2024, Plaintiff filed its reply in further support of its Motion for Summary Judgment.

8.     On June 11, 2024, the Hon. Damaris E. Torrent, A.J.S.C. issued a Decision and Order dated June 6, 2024, and duly entered by the Westchester County Clerk on June 11, 2024, denying Plaintiff's Motion for Summary Judgment ("Order Denying Summary Judgment").  A true and correct copy of the Order Denying Summary Judgment is annexed hereto as **Exhibit 6**.

9.     On July 29, 2024, the Hon. Damaris E. Torrent, A.J.S.C. issued a Preliminary Conference Stipulation and Order dated July 23, 2024 and duly entered by the Westchester County Clerk on July 29, 2024 ("Preliminary Conference Order").  A true and correct copy of the Preliminary Conference Order is annexed hereto as **Exhibit 7**.

10.     On September 10, 2024, the Hon. Damaris E. Torrent, A.J.S.C. issued a Stipulation and Order for the Production and Exchange of Confidential Information dated September 10, 2024, and duly entered by the Westchester County Clerk on September 10, 2024 ("Confidential Discovery Order").  A true and correct copy of the Confidential Discovery Order is annexed hereto as **Exhibit 8**.

11.     On October 21, 2024, the Hon. Damaris E. Torrent, A.J.S.C. issued an Order of Reference and Compliance Conference Referee Report & Order dated October 21, 2024 and duly entered by the Westchester County Clerk on October 22, 2024 ("Order of Reference").  A true and correct copy of the Order of Reference is annexed hereto as **Exhibit 9**.

12.     On April 8, 2025, the Hon. Damaris E. Torrent, A.J.S.C. issued a Compliance Conference Order dated April 8, 2025 and duly entered by the Westchester County Clerk on April 8, 2025 ("Compliance Conference Order").  A true and correct copy of the Compliance Conference Order is annexed hereto as **Exhibit 10**.

13.     On August 12, 2025, the Hon. Damaris E. Torrent, A.J.S.C. issued another Compliance Conference Order dated August 12, 2025 and duly entered by the Westchester County Clerk on August 13, 2025 ("Second Compliance Conference Order"). A true and correct copy of the Second Compliance Conference Order is annexed hereto as **Exhibit 11**.

14.     On December 31, 2025, Plaintiff filed a Motion to Amend the Complaint pursuant to CPLR § 3025(b) for an order granting it leave to amend the Complaint to add five (5) new parties as defendants, namely the Virginia Defendants, and to assert five (5) new causes of action sounding in fraud, aiding and abetting fraud, conversion, replevin, and constructive trust ("Amended Complaint"). On February 24, 2026, Maryland Defendants filed their opposition to Plaintiff's Motion to Amend the Complaint, and on March 9, 2026, Plaintiff filed its reply in further support of its Motion to Amend the Complaint.

15.     On June 17, 2026, the Hon. Damaris E. Torrent, A.J.S.C. issued a Decision and Order dated June 8, 2026, and duly entered by the Westchester County Clerk on June 17, 2026, granting Plaintiff's Motion to Amend the Complaint and ordered that (a) Plaintiff's proposed Amended Complaint is deemed duly served on Maryland Defendants as of the date of filing of the

4

Decision and Order; (b) Plaintiff shall serve the supplemental summons and Amended Complaint upon Virginia Defendants in accordance with applicable provisions of the CPLR; and (c) all parties shall appear for a virtual compliance conference on November 24, 2026 at 9:30 a.m. ("Order Granting Amended Complaint").  A true and correct copy of the Order Granting Amended Complaint is annexed hereto as **Exhibit 12**.

16.     Pursuant to the Order Granting Amended Complaint, Maryland Defendants were deemed served with the Amended Complaint on June 17, 2026. *See* **Ex. 12**.

17.     Plaintiff's Amended Complaint asserts seven (7) claims against Defendants. Specifically, Plaintiff alleges as follows: (Count 1) Breach of Contract against Dark Helmet; (Count 2) Breach of Guarantee against Biars; (Count 3) Unjust Enrichment against Dark Helmet; (Count 4) Fraud against Richards and Biars; (Count 5) Aiding and Abetting Fraud against Farrar, Evend, Revend, and EV (the Virginia LLCs); (Count 6) Conversion and Replevin against Richards, Farrar, Evend, Revend, and EV (the Virginia LLCs); and (Count 7) Constructive Trust against Richards, Farrar, Evend, Revend, and EV (the Virginia LLCs).  Additionally, Plaintiff seeks (a) a money judgment of $2,719,068.17 from Defendants; and (b) a judgment directing the return of the goods in possession.

18.     Further, Plaintiff alleges in its Amended Complaint that Maryland Defendants and the Virginia Defendants conspired to conceal Maryland Defendants' true financial position in order to acquire and sell Plaintiff's inventory for the purpose of satisfying Dark Helmet's and/or Biars' prior financial obligations to the Virginia Defendants, and that the Virginia Defendants are in possession of Plaintiff's inventory and have been selling it without remitting payment to Plaintiff.  Specifically, Plaintiff alleges, among other things, that the Virginia Defendants have possessed the inventory at issue since 2023 and sold it to satisfy Maryland Defendants' obligations

to them; that, Plaintiff's goods were sold without any payment to Plaintiff; and that the inventory was valued in excess of $2 million. Plaintiff further alleges that, before the transactions with Plaintiff, Maryland Defendants had entered into a Merchant Cash Advance with EV dated February 16, 2023, alleged to be an assumption of a prior Merchant Cash Advance with non-party 7 Bucks a Pop, reflecting a pre-existing debt of $956,301.40 owed by Maryland Defendants to EV. Plaintiff alleges that the acquisition and sale of its inventory was a means of repaying that pre-existing debt, always intended to be carried out without payment to Plaintiff, and therefore fraudulent.

19.    Defendants dispute Plaintiff's allegations and deny any wrongdoing or liability. The foregoing summary is provided solely to describe the nature of Plaintiff's claims and allegations for purposes of this Notice of Removal.  By removing this action, Defendants do not admit any of Plaintiff's allegations and expressly reserve all rights, defenses, and objections.

20.    On July 2, 2026, Maryland Defendants filed an Answer with Counterclaims dated July 1, 2026, alleging four (4) affirmative defenses and two (2) counterclaims; breach of contract and fraud.  A true and correct copy of the Answer and Counterclaims is annexed hereto as **Exhibit 13**.

21.    On July 13, 2026, Plaintiff filed a Reply to the Counterclaims dated July 13, 2026, alleging three (3) affirmative defenses.  A true and correct copy of the Reply to Counterclaims is annexed hereto as **Exhibit 14**.

22.    The Virginia LLCs have not been properly served with the Amended Complaint. Although Plaintiff filed an Affidavit of Service dated July 8, 2026 in the state court action reflecting that on July 7, 2026, Plaintiff served the Virginia LLCs with the Amended Complaint in the Commonwealth of Virginia by personally serving its registered agent, Ashley Burgess, service

6

on the Virginia LLCs is defective under applicable service laws on an out-of-state limited liability company not authorized to do business in New York.  In any event, although consent from the Virginia LLCs is not required for removal, the Virginia LLCs consent and join this Notice of Removal without waiving and expressly preserving all rights and defenses, including but not limited to defenses for lack of personal jurisdiction, insufficiency of service of process, venue, and failure to state a claim.  A true and correct copy of Plaintiff's Affidavit of Service dated July 8, 2026, and filed with the state court on July 18, 2026 is annexed hereto as **Exhibit 15**.

23.     On July 11, 2026, Plaintiff served Richards with the Amended Complaint by affixing the Amended Complaint to his door on July 11, 2026, mailed a copy of the same to Richards on July 17, 2026, and filed its Affidavit of Service on July 18, 2026.  Pursuant to CPLR 308(4), service was legally complete ten (10) days after the Affidavit of Service was filed with the state court on July 28, 2026.  Accordingly, Richards was served with the Amended Complaint on July 28, 2026.  A true and correct copy of the Affidavit of Service dated July 14, 2026 is annexed hereto as **Exhibit 16**.

24.     Defendant Farrar has not been served with the Amended Complaint.  Therefore, although consent from Farrar is not required for removal, Farrar consents and joins this Notice of Removal without waiving and expressly preserving all rights and defenses, including but not limited to defenses for lack of personal jurisdiction, insufficiency of service of process, venue, and failure to state a claim.

## **Grounds for Removal**

25.     To invoke federal jurisdiction based on diverse citizenship under 28 U.S.C. § 1332, an action requires complete diversity. Under § 1332, federal district courts have original jurisdiction over civil actions where (1) the matter in controversy exceeds $75,000.00, exclusive

7

of interest and costs; and (2) there is complete diversity of citizenship between the parties. Complete diversity requires that every plaintiff's citizenship be different from the citizenship of every defendant. *See Briarpatch Ltd., L.P v. Phoenix Pictures, Inc*., 373 F.3d 296 (2d Cir. 2004).

26.     This action is a civil action which may be removed under the provisions of 28 U.S.C. §§ 1441 and 1446, and over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) there exists diversity of citizenship between Plaintiff and all Defendants in this action; and (b) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### *Citizenship of the Parties*

27.     The citizenship of a corporation is based on the state of incorporation and the state of principal place of business. 28 U.S.C. § 1332(c)(1).  The citizenship of an individual is based on the state of domicile (where they reside and intend to remain), not just where they currently reside. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38 (2d Cir. 2000).  The citizenship of a limited liability company is based on the citizenship of each and every one of its members. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016) (unincorporated entities possess the citizenship of each of their members).

28.     Plaintiff, Big Apple, is a New York corporation incorporated in the State of New York with its principal place of business at 8 Westchester Plaza, Suite 140, Elmsford, New York 10523. Therefore, Big Apple is a citizen of New York for purposes of federal jurisdiction under 28 U.S.C. § 1332(c)(1).

29.     Defendant Dark Helmet is a Maryland limited liability company with its principal place of business at 3817 Bonnybridge Pl., Ellicott City, Maryland 21043.  Dark Helmet's sole

member is Biars, a Maryland citizen who is domiciled and resides at 3817 Bonnybridge Pl., Ellicott City, Maryland 21043.  Therefore, Dark Helmet is a citizen of the State of Maryland.

30.    Defendant Biars is a natural person who is domiciled and resides at 3817 Bonnybridge Pl., Ellicott City, Maryland 21043.  Therefore, Biars is a citizen of the State of Maryland.

31.    Defendant Evend is a Virginia limited liability company with its principal place of business at 3401 US-29 BUS, Danville, VA 24540.  Evend's sole member is Richards, a Virginia citizen who is domiciled and resides at 370 Forest Circle, Danville, VA 23541.  Therefore, Evend is a citizen of the Commonwealth of Virginia.

32.    Defendant Revend is a Virginia limited liability company with its principal place of business at 3401 US-29 BUS, Danville, VA 24540.  Revend's sole member is Richards, a Virginia citizen who is domiciled and resides at 370 Forest Circle, Danville, VA 23541.  Therefore, Revend is a citizen of the Commonwealth of Virginia.

33.    Defendant EV is a Virginia limited liability company with its principal place of business at 9632 Kingscroft Drive, Glen Allen, VA 23060.  EV has two (2) members; Richards, a Virginia citizen domiciled and residing at 370 Forest Circle, Danville, VA 23541, and Farrar, a Florida citizen domiciled and residing at 17260 Eagle Trace #7, Ft. Myers, Florida 33908.  Therefore, EV is a citizen of the Commonwealth of Virginia and the State of Florida.

34.    Defendant Richards is a natural person who is domiciled and resides at 370 Forest Circle, Danville, VA 23541.  Therefore, Richards is a citizen of the Commonwealth of Virginia.

35.    Defendant Farrar is a natural person who is domiciled and resides at 17260 Eagle Trace #7, Ft. Myers, Florida 33908.  Therefore, Richards is a citizen of the State of Florida.

9

36. All Defendants consent and join in on the removal of this action, subject to and without waiving any defenses and rights available to them.

37. Because Plaintiff is a citizen of New York, Dark Helmet and Biars are citizens of Maryland, Evend, Revend, and Richards are citizens of Virginia, EV is a citizen of both Virginia and Florida, and Farrar is a citizen of Florida, this is a matter between citizens of different states pursuant to 28 U.S.C. § 1332(a)(1).

*Amount in Controversy*

38. The amount in controversy requirement is satisfied. While Defendants deny any liability to Plaintiff, as forth above and in the Amended Complaint, Plaintiff seeks money damages in the amount of $2,719,068.17, which exceeds the jurisdictional minimum threshold amount of $75,000.00, exclusive of interest and costs.

39. In taking this position, Defendants do not concede any of Plaintiff's allegations or that Plaintiff is otherwise entitled to any recovery (which it is not), but only that the amount placed in controversy by Plaintiff exceeds the jurisdictional threshold for purposes of diversity jurisdiction consistent with 28 U.S.C. § 1332.

40. Accordingly, complete diversity exists because all Defendants are diverse from Plaintiff, and the $2,719,068.17 amount in controversy exceeds the $75,000.00 threshold consistent with 28 U.S.C. § 1332.

## The Procedural Requirements for Removal Have Been Satisfied

41. Pursuant to 28 U.S.C. §  1441(a), removal to the United States District Court, Southern District of New York, is proper as it is the Federal District Court embracing the place where the State Court suit is pending.

*Timeliness of Removal*

42.     Pursuant to 28 U.S.C. § 1446(b)(1), Defendants' removal is timely because this Notice of Removal is being filed within thirty (30) days after Richards received a copy or was otherwise served with the Amended Complaint.

43.     Specifically, as set forth above, Richards was served by "nail and mail" under CPLR § 308(4) on July 11, 2026, which is when his 30-day removal period began to run. Therefore, the filing of this Notice of Removal is timely because it is filed before August 10, 2026.

44.     Further, as set forth above, the Virginia LLCs were not properly served and Farrar has not yet been served.[1]  Therefore, their 30-day removal period have not yet begun and their consent is not required.  *See Sara v. Talcott Resol. Life Ins. Co.*, No. 21-CV-3094 (CS), 2022 WL 19182 (S.D.N.Y. Jan. 3, 2022) (a defendant who has not been served need neither join nor consent); *Barnes v. Cathers & Dembrosky*, No. 02-CV-5296 (RO), 2003 WL 22928640 (S.D.N.Y. Dec. 10, 2003); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320 (S.D.N.Y. 2007).  In any event, the Virginia LLCs and Farrar consent to and join the filing of this Notice of Removal without waiving any of their rights and defenses, and with an express reservation of their defenses, including without limitation to lack of personal jurisdiction, insufficient service of process, venue, and failure to state a claim.  *See Kuchta v. Nat'l R.R. Passenger Corp.*, 2022 WL3650734, at *4 (N.D. Cal. Aug. 24, 2022) (defendant may, but is not obligated to, remove before formal service); *Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152 (2d Cir. 1996) (voluntarily joining or consenting does not, by itself, waive defenses).

45.     Under the state court's Order Granting the Amended Complaint, Maryland Defendants were deemed served with the Amended Complaint on June 17, 2026.

---

[1] Even if the Virginia LLCs 30-day removal period began to run on July 7, 2026, the Virginia LLCs are still within its time to remove on its own until August 6, 2026.

11

46.     Pursuant to § 1446(b)(2)(C), in multi-defendant cases where defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.  S*ee also Pietrangelo v. Alvas Corp*., 686 F.3d 62 (2d Cir. 2012) (an earlier-served defendant's failure to file its own notice is not treated as a decision not to join a co-defendant's later removal); *O'Neill v. Antihero Podcast LCC*, No. 25-CV-10786 (NSR), 2026 WL 1031248 (S.D.N.Y. Apr. 16, 2026).

47.     By way of Consent to Removal, Maryland Defendants have consented and joined in on the filing of this Notice of Removal within Richards's 30-day removal period without waiving any of their rights and defenses, and with an express reservation of their defenses.  *Gold Town Corp. v. United Parcel Serv., Inc.,* 519 F. Supp. 3d 169 (S.D.N.Y. 2021) (earlier-served defendant's consent should be unambiguous and in writing).  A true and correct copy of the Consent to Removal signed by Maryland Defendants is annexed hereto as **Exhibit 17**.

48.     No Defendant has sought similar relief with respect to this matter.

49.     The prerequisites for removal under U.S.C. § 1441 have been met.

*Process, Pleadings and Orders Served to Date*

50.     Consistent with the requirements of 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders contained within the state court action pending in the Supreme Court for the State of New York, County of Westchester, are attached hereto as **Exhibits 1-16**.  A printout of the state court's docket (as of August 5, 2026) is attached as **Exhibit 18**.

*Conformance with Removal Requirements*

51.     Defendants will promptly serve written notice of the filing of this Notice of Removal on counsel for all adverse parties, and will file a copy of this Notice of Removal with the

Clerk of the Supreme Court of the State of New York, County of Westchester, to effect removal of this action to the United States District Court, Southern District of New York, in accordance with 28 U.S.C. § 1446(d). See Exhibit copy of Notice of Filing Notice of Removal to be filed and served with the Clerk of the Supreme Court of the State of New York, County of Westchester.

### **Non-Waiver of Defenses and Non-Admissions of Allegations**

52.     Nothing in this Notice of Removal shall be construed as a waiver by Defendants of any of its defenses to the claims set forth in the Amended Complaint.

53.     By removing Plaintiff's state court action from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York, Defendants do not waive any claims, counterclaims, cross claims and any other rights and remedies that may be available to them at law or in equity.

54.     Defendants expressly preserve all rights and defenses, including but not limited to lack of personal jurisdiction, insufficiency of service of process, venue, and failure to state a claim.

55.     By removing Plaintiff's state court action from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York, Defendants do not admit any of the allegations in the Amended Complaint and do not forfeit, waive, or abandon any defenses.

**WHEREFORE**, Defendants file this Notice of Removal and thereby seek to remove the above-captioned action from the Supreme Court of the State of New York, County of Westchester to the United States District Court for the Southern District of New York. Plaintiff is notified to proceed no further in state court unless or until the case should be remanded by order of said United States District Court.

Dated:  August 5, 2026
      New York, New York       Respectfully submitted,

**WINDELS MARX LANE & MITTENDORF, LLP**

By: _/s/ Robert J. Malatak_____
      Robert J. Malatak, Esq.
      Aryana P. Badery, Esq.
156 West 56th Street
New York, NY 10019
(212) 237-1000
(212) 237-1228
rmalatak@windelsmarx.com
abadery@windelsmarx.com

*Attorneys for Defendants,*
*Evend LLC, Revend LLC, Errant Ventures LLC,*
*Evans Richards, and Christopher Farrar*

Dated: August 5, 2026
      Mineola, New York       **MELTZER, LIPPE, GOLDSTEIN**
       **& BREITSTONE, LLP**

By: _/s/ Stephen W. Livingston_____
      Stephen W. Livingston, Esq.
      Domenique Massi, Esq.
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300
slivingston@meltzerlippe.com
Dmasi@meltzerlippe.com

*Attorneys for Defendants,*
*Dark Helmet, LLC and Lee Biars*

14